CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 10, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ T. Costa
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

JENNIFER L. P.[1],

    Plaintiff,

v.

FRANK J. BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No: 7:25-cv-00178**

## OPINION AND ORDER

This social security disability appeal was referred to the Honorable Pamela M. Sargent, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on March 2, 2026, recommending that this court affirm the Commissioner's final decision. Dkt. 22. Plaintiff filed objections to the R&R to which the Commissioner responded and this matter is now ripe for consideration, I overrule plaintiff's objections and adopt the magistrate judge's R&R in its entirety.

## I.     BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

## II.     DISCUSSION

### A.  Standard of Review

---

[1] Due to privacy concerns, I use only the first name and last initial of the claimant in social security orders.

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76

2

F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 587

U.S. at 103 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing

for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v.*

*Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589).  However, a

reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858

F.3d 858, 870 (4th Cir. 2017).

### B. Analysis

Plaintiff objects to the following aspects of the R&R:

1) The R&R erred in concluding substantial evidence supports the ALJ's RFC assessment regarding plaintiff's moderate limitations in maintaining concentration, persistence, or pace, because the ALJ did not consider the extent to which plaintiff actually performed the daily activities cited in support. The ALJ failed to explain how plaintiff's ability to perform these daily activities translates to the ability to work a full workday.

2) The R&R failed to acknowledge that a medical clinic environment is completely different from a work environment in pointing to the ALJ's finding that plaintiff's office visits typically noted mild to moderate mental status examination findings.

3) The R&R erred in concluding substantial evidence supports the ALJ's RFC assessment regarding plaintiff's moderate limitations in interacting with others. The R&R acknowledged that the ALJ erred in stating that state agency psychologists Leizer and Saxby both found plaintiff could frequently get along with co-workers, when actually Leizer had a more restrictive limitation on social interactions with coworkers[2], but treated

---

[2] Specifically, the ALJ wrote that Drs. Saxby and Leizer indicated plaintiff "could frequently get along with others in the workplace." R. 28. However, Leizer actually indicated plaintiff was likely to struggle to get along with peers, coworkers, and the public for even short periods. R. 102, 103. The ALJ found that "to the extent the doctors" limit plaintiff to "occasional interaction with coworkers and supervisors, their opinions are consistent with and supported by the longitudinal record." R. 29. The ALJ also accurately acknowledged that both Drs. Saxby and Leizer found plaintiff "would have difficulty working with or near other employees and would be occasionally distracted by them." R. 29. The RFC limited plaintiff to occasional interaction with coworkers and supervisors and no interaction with customers or the public. The R&R directly addressed this issue, discussing the ALJ's findings and concluding "despite the ALJ's error, I find the ALJ's evaluation of the opinion evidence is adequately explained and supported by substantial evidence." Dkt. 22 at 36.

it as harmless error. Accordingly, the R&R erred in finding the ALJ's evaluation of the state agency psychologists' opinion evidence is adequately explained and supported by substantial evidence.

4) The R&R erred in concluding the ALJ's evaluation of the opinion evidence from the consultative examiner Dr. Knox is adequately explained and supported by substantial evidence. The ALJ discounted Dr. Knox's opinion that plaintiff would struggle to get along with peers, coworkers and the public for even short periods of time, finding it was vague, with no vocational term indicating the amount of interaction plaintiff could have with peers, coworkers, and the public. As pointed out above, the state agency psychologist, Leizer, also opined that plaintiff would likely struggle to get along with peers, coworkers, and the public for even short periods of time. Accordingly, the R&R erred in finding that the ALJ's inconsistent decision to find the opinions of the state agency psychologist Leizer persuasive, but to discount the opinion of the consultative examiner Dr. Knox, when both found that plaintiff would likely struggle to get along with peers, coworkers, and the public for even short periods of time.

5) The R&R erred in concluding the ALJ's assessment of plaintiff's subjective allegations is supported by substantial evidence, including that the ALJ appropriately considered plaintiff's reported activities, testimony, and statements regarding her symptoms.

6) The R&R erred in concluding the ALJ properly considered the limited extent plaintiff performed the daily activities used to support the ALJ's assessment of her allegations. Plaintiff argues the ALJ failed to explain how these activities mean that plaintiff can perform full-time work and improperly used the activities as a basis for his conclusion that the plaintiff can work. The R&R erred in finding plaintiff's case distinguishable from cases cited by plaintiff regarding the assessment of plaintiff's daily activities.

I have conducted a careful de novo review of plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt. 23, are **DENIED**;

2.  The Magistrate Judge's Report and Recommendation, Dkt. 22, is fully **ACCEPTED**
    and **ADOPTED**;

3.  The decision of the Commissioner is **AFFIRMED**; and

4.  A separate final judgment will be entered.

Entered:  April 10, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge